IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br> vs.<br><br>JOSE O. MAES,<br>    Defendant. | CASE NO: **4:21MJ3023**<br><br>**DETENTION ORDER** |

  On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

  There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a drug crime under the Controlled Substances Act (21 U.S.C. § 801 et seq.), for which the defendant could be required to serve ten or more years in prison. The defendant has not rebutted this presumption.

  Based on the information of record, the court finds by a preponderance of the evidence that the defendant's release would pose a risk of nonappearance at court proceedings, and by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

  Specifically, the court finds that the defendant has a criminal history of violating the law and court orders, including obstruction of justice, contempt, and eluding law enforcement; violated conditions of release previously imposed by a court; has a significant history of harming or threatening harm to others, including a murder conviction; is addicted to or abuses mood-altering chemicals and is

likely to continue such conduct and violate the law if released; has limited contacts with the community; lacks a stable residence; has limited employment contacts; has failed to appear for court proceedings in the past; is currently in state custody; committed the alleged crime while on supervision and has absconded from parole in Colorado; presented no evidence opposing the presumption of detention; and conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated March 8, 2021.

BY THE COURT:

s/ Cheryl R. Zwart
United States Magistrate Judge